UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| KATHERINE MCCANN,<br><br>Plaintiff,<br><br>v.<br><br>GRACE BAILEY NAVIGATION CO., INC., *In Personam*, and SCHOONER GRACE BAILEY, Official No. 085754, her engines, tackle, apparel, Appurtenances, fittings, etc., *In Rem,*<br><br>Defendants. | 1:26-CV-_______________ |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY**

NOW COMES Plaintiff Katherine McCann, through her counsel at Kelly, Remmel & Zimmerman, and complains as follows:

**General Allegations Applicable to All Counts**

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. At the time of the incident giving rise to this Complaint, Plaintiff Katherine McCann (hereinafter "Plaintiff" and/or "Ms. McCann") was a resident of the Town of Montville, Waldo County, State of Maine. At the time of this Complaint, Ms. McCann temporarily resides in the City of Saint John's, Province of Newfoundland, Canada.

3. Defendant Grace Bailey Navigation Co., Inc. (hereinafter "GBNC"), is a corporation registered to do business in the State of Maine with principal offices in the Town of Rockland, Knox County, State of Maine.

4. The Schooner GRACE BAILEY (hereinafter the "Schooner"), USCG Official Number 085754, is 72-foot wooden passenger vessel with a hailing port in the Town of Rockland, Knox County, State of Maine.

5. At all times relevant to this action, Plaintiff Katherine McCann was on the subject voyage in service of the Schooner and acting in the scope and course of her employment as a musician/crewmember of that Schooner.

6. At all times relevant to this action, Defendant GBNC owned and/or operated the Schooner GRACE BAILEY and employed Plaintiff Katherine McCann as a musician aboard that Schooner.

7. At the time of the incident complained of in this action, the Schooner GRACE BAILEY was a "vessel" for purposes of the Jones Act and the general maritime law of unseaworthiness.

8. At the time of the incident complained of in this action, Ms. McCann was a "seaman" for purposes of the Jones Act and the general maritime law of unseaworthiness.

9. The subject voyage was advertised to passengers by Defendant as a "Fall foliage" adventure, featuring Ms. McCann's musical group, Skylark.

10. On October 9, 2023, while the Schooner sailed back to its homeport in Rockland at the end of a four-day Midcoast Maine voyage, the Schooner experienced a catastrophic mainmast failure whereby the Schooner's aft mainmast split and collapsed to the deck of the Schooner, striking Ms. McCann and one or more passengers on the Schooner.

11. As a result of the Schooner's mainmast collapse, Ms. McCann suffered serious and numerous physical and emotional injuries.

12. Ms. McCann's injuries were incurred while she was in the service of the Schooner GRACE BAILEY.

13. Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

14. Plaintiff was brought ashore by the U.S. Coast Guard following her injuries and received urgent/emergency treatment from Rockland EMS, LifeFlight of Maine, and Northern Light Eastern Maine Medical Center. Plaintiff subsequently received medical treatment from several medical and mental health providers including Spectrum Health Care Radiology, Orthopedic Partners, Hartford HealthCare, Spectrum Physical Therapy, Waldo County Medical Partners, Waldo County General Hospital, MaineHealth Orthopedics and Sports Medicine, Belfast Drug, Integrative and Holistic Counseling, Maine Behavioral Healthcare, Cedar and Stone Somatic Psychotherapy, St. John's Back Pain Clinic, Momentum Health, Paragon Physiotherapy, Student Wellness and Counselling Centre, among other medical providers.

15. Plaintiff has received and continues to require medical treatment for her injuries.

16. Plaintiff experienced and continues to experience pain and suffering as a result of her injuries.

17. Plaintiff incurred medical bills and expenses as a result of the medical treatment she received.

18. As a result of the incident, Plaintiff has or may have permanent impairments.

19. Plaintiff missed work as a result of her injuries and treatment. Plaintiff therefore incurred a loss of earnings and/or loss of earning capacity.

20. On or about October 9, 2023, while onboard the Schooner GRACE BAILEY in service of the Schooner and Defendant GBNC, Plaintiff Katherine McCann suffered the following injuries and damages: (a) physical injuries; (b) emotional distress; (c) severe physical/mental pain and suffering; (d) permanent impairment; (e) lost earnings and/or loss of earning capacity; and (f) other damages.

**<u>Count I: Negligence under the Jones Act and/or General Maritime Law</u>**

21. Plaintiff Katherine McCann incorporates by reference paragraphs 1 through 20 of this Complaint into Count I.

22. At the time of her injuries, Plaintiff was acting in the course of her employment for Defendant as a musician whose duties contributed to the function of the Schooner GRACE BAILEY and met the requirement for status as a Jones Act seaman.

23. Plaintiff's employer at the time of her injuries, Defendant Grace Bailey Navigation Co., Inc., is a proper defendant to a Jones Act claim for negligence. 46 U.S.C. § 30104.

24. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant GBNC in at least the following particulars: negligent maintenance of the Schooner and its equipment and/or appurtenances; failing to ensure that the Schooner and its equipment and/or appurtenances were safe for their intended purposes; failing to properly inspect, diagnose, and/or rectify the Schooner's equipment and appurtenances, including the mainmast; failing to provide a safe Schooner to the crew, passengers, and other occupants lawfully on board the Schooner; and/or failing to provide Plaintiff with a safe place to work.

25. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Katherine McCann suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Katherine McCann demands judgment against Defendant Grace Bailey Navigation Co., Inc. in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs, reserving her rights to enforce said claim and/or judgment by way of maritime lien against the Defendant(s).

**Count II: Unseaworthiness**

26. Plaintiff Katherine McCann incorporates by reference paragraphs 1 through 25 of this Complaint into Count II.

27. Defendant GBNC, as owner of the Schooner, owes a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

28. The rotted mainmast failing and collapsing to the deck of the Schooner is clear and direct evidence of an unseaworthy vessel owned and operated by Defendant GBNC, among other unseaworthy conditions that existed on the Schooner at the time of the incident.

29. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Katherine McCann demands judgment against Defendant Grace Bailey Navigation Co., Inc. in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs, reserving her rights to enforce said claim and/or judgment by way of maritime lien against the Defendant(s).

**Count III: Maintenance & Cure**

30. Plaintiff Katherine McCann incorporates by references paragraphs 1 through 29 of this Complaint into Count III.

31. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was in service of the Schooner GRACE BAILEY on the subject voyage for which she was employed by Defendant GBNC.

32. As a result of the above-described injuries suffered by Plaintiff Katherine McCann while in the service of the Schooner, she is entitled to maintenance at a reasonable daily rate and cure until she reaches the point of maximum medical improvement.

WHEREFORE, Plaintiff Katherine McCann demands judgment against Defendant Grace Bailey Navigation Co., Inc. in a fair and reasonable amount to pay maintenance and cure owing at

the time of trial, together with interest, costs and legal fees to the extent support by law, reserving her rights to enforce said claim and/or judgment by way of maritime lien against the Defendant(s).

VERIFICATION

I, Katherine McCann, hereby certify under penalty of perjury, pursuant to 29 U.S.C. § 1746, that I am the plaintiff in the above action, that I have read the foregoing Verified Complaint and know the contents thereof to be true based on my own knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: October 7, 2026

*/s/ Katherine McCann*
Katherine McCann

Dated at Portland, Maine this 7th day of October, 2026.

*/s/ Stephen W. Koerting*
Stephen W. Koerting, MBN 5820
skoerting@krz.com
Attorney for Plaintiff Katherine McCann
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Portland, Maine 04101
(207) 775-1020